UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK GOTTSCHALK

                Plaintiff,                        Case Number 10-11039
                                                            Honorable Thomas L. Ludington

v.

GEORGE ORDUS FORD,

                Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On March 15, 2010, Plaintiff Patrick Gottschalk ("Plaintiff") filed a complaint [Dkt. # 1] against Defendant George Ordus Ford ("Ordus Ford" or "Defendant") alleging that his employment was wrongfully terminated based on his age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Michigan Elliot-Larsen Civil Rights Act, M.C.L.§ 37.2010 et seq. Plaintiff also alleges that Defendant subsequently misappropriated his name by identifying him as an employee in an advertisement for Defendant's goods and/or services. Plaintiff was fifty-nine years old at the time his employment was terminated.

Defendant's motion for summary judgment [Dkt. # 12] was filed on October 13, 2010 and is before the Court for decision. Defendant generally contends that Title VII is inapplicable to age discrimination claims, that Plaintiff does not have any direct or circumstantial evidence of age discrimination, that Defendant had a legitimate, non-discriminatory reason for terminating Plaintiff's employment that Plaintiff cannot establish as a pretext for discrimination, and that Plaintiff cannot establish that Defendant made a pecuniary gain as a result of an advertisement identifying him as a service manager after his employment was terminated. Plaintiff filed a response [Dkt. # 15] on

November 3, 2010. Defendant filed an untimely reply [Dkt. 16] on January 5, 2011.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. LR 7.1(e)(2). For the reasons explained hereafter, the Court will **GRANT** Defendant's motion for summary judgment and **DECLINE** to exercise jurisdiction over Plaintiff's state law claims.

**I**

Ordus Ford was organized by George Ordus in 1976. The business maintained a Ford franchise as well as a Chrysler franchise. The Chrysler franchise was terminated in March of 2009. Plaintiff was hired in 1976 and served as Ordus Ford's service manager for the majority of his career. In 2008, Plaintiff suffered a heart attack and was hospitalized. He later returned to work with certain restrictions, including a lifting restriction. Ordus Ford accommodated this restriction.

In early 2009, the company was experiencing financial difficulties, and various cutbacks were made. A rent reduction was negotiated with the building owner, Greg Ordus, who was the current owner, reduced his salary, and employees were asked to use their vacation time in lieu of payment. Greg Ordus also decided that one of the management positions needed to be eliminated and Plaintiff's position was eliminated effective January 30, 2009. Ordus Ford employed nineteen people at the time of Plaintiff's termination in January 2009[1]. Defendant did not hire a new service

---

[1]The range of employees ages in 2009 was as follows:
  60 + years      2
  50-59 years     3
  40-49 years    11
  30-39 years     1
  20-29 years     2

manager. Instead, Allen Stabonovich[2], the parts manager, absorbed the management duties for the service department and another employee, Paul Golder, is now performing the warranty work which had been performed by Plaintiff. Prior to Plaintiff's termination, Greg Ordus asked Stabonovich if he was interested in assuming Plaintiff's job duties related to the service department, and he agreed to do so. Stabonovich is five years younger than Plaintiff and has been employed at Ordus Ford since 1978.

After Plaintiff was terminated, an Ordus Ford advertisement was sent by Ford Motor Company to customers identifying Plaintiff as the service manager that included what appeared to be Plaintiff's signature.

## II

A motion for summary judgment should be granted if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). A fact is "material" if its resolution affects the outcome of the case. *Lenning v. Comm'l Union Ins. Co.*, 260

---

[2]Mr. Stabonovich is also referenced in the parties' materials as John Stipanovich. This variation is neither explained nor corrected by either parties' papers.

F.3d 574, 581 (6th Cir. 2001). "Materiality" is determined by the substantive law claim. *Boyd v. Baeppler*, 215 F.3d 594, 599 (6th Cir. 2000). An issue is "genuine" if a "reasonable jury could return a verdict for the nonmoving party." *Henson v. Nat'l Aeronautics and Space Admin.*, 14 F.3d 1143, 1148 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 534 (6th Cir. 2002).

The party bringing the summary judgment motion has the initial burden of informing the court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Pers. Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. The party who bears the burden of proof must present a jury question as to each element of the claim, *Davis v. McCourt*, 226 F.3d 506, 511 (6th Cir. 2000), rather than raise only "metaphysical doubt as to the material facts." *Highland Capital, Inc. v. Franklin Nat'l Bank*, 350 F.3d 558, 564 (6th Cir. 2003) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Failure to prove an essential element of a claim renders all other facts immaterial for summary judgment purposes. *Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 895 (6th Cir. 1991).

**III**

Defendant first contends that Count I of Plaintiff's complaint should be dismissed under Rule 12(b)(6) because Title VII of the Civil Rights Act of 1964 does not provide a cause of action for age discrimination. Defendant is correct that Title VII does not provide a cause of action for age discrimination and, as a result, Plaintiff has not properly pleaded a claim for age discrimination. In his reply, Plaintiff asserts his age discrimination claim should have been identified as being brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. (Pl.'s Br. in Response to Def.'s Mot. for Summ. J. 10.) The complaint, however, does not plead a claim under the ADEA and Plaintiff has not filed an amended complaint. Despite Plaintiff's pleading, the Court will address Plaintiff's response with regard to his ADEA claim in the interests of judicial economy. Even if properly pleaded, summary judgment would still be proper on Plaintiff's age discrimination claim.

**A**

**1**

The ADEA prohibits an employer from failing or refusing to hire, discharging, or discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." 29 U.S.C. § 623(a)(1). To establish a claim under the ADEA, a plaintiff may either produce direct evidence of age discrimination, or rely upon circumstantial evidence that would permit an inference of discrimination under the burden-shifting method of *McConnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 510 (6th Cir. 2004). Direct evidence is that which, if believed,

"requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Rodriguez v. FedEx Freight East, Inc*., 487 F.3d 1001, 1007 (6th Cir. 2007) (citation and quotation omitted). "Direct evidence of discrimination does not require the factfinder to draw any inferences in order to conclude that the challenged employment action was motivated at least in part by prejudice among members of the protected group." *Id.* "Circumstantial evidence, on the other hand, is proof that does not on its face establish discriminatory animus, but does allow the factfinder to draw a reasonable inference that discrimination occurred." *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 405, 410 (6th Cir. 2008). With both direct and circumstantial evidence, the burden of persuasion remains on the plaintiff to show that "age was the 'but for' cause of their employer's adverse action." *Gross v. FBL Fin. Servs., Inc.*, --- U.S. ---, 129 S. Ct. 2343, 2351 n.4 (2009).

If a plaintiff is unable to present direct evidence of the alleged discrimination, the question becomes whether the plaintiff is able to establish a prima facie case of discrimination through circumstantial evidence. *Coomer*, 370 F.3d at 510. A plaintiff successfully establishes a prima facie case under the *McDonnell Douglas* test when he produces "evidence that: (1) he was at least 40 years old at the time of the alleged discrimination; (2) he was subjected to an adverse employment action; (3) he was otherwise qualified for the position; and (4) he was replaced by a younger person.[3]" *Lilley v. BTM Corp.*, 958 F.2d 746, 752 (6th Cir. 1992).

---

[3]Plaintiff asserts in his brief that the fourth element of a prima facie case under *Lilley* requires that he was either replaced or treated less favorably than someone younger. *Lilly*, however, clearly provides that the requirement is that "he was *replaced* by a younger person." *Id.* at 752 (emphasis added).

**2**

However, if the termination arises as part of a work force reduction, the Sixth Circuit has modified the fourth element to require the plaintiff to provide "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Barnes v. GenCorp*, 896 F.2d 1457, 1465 (6th Cir. 1990). "A work force reduction situation occurs when business considerations cause an employer to eliminate one or more positions within the company. An employee is not eliminated as part of a work force reduction when he or she is replaced after his or her discharge." *Id.* A person is considered replaced "only when another employee is hired or reassigned to perform the plaintiff's duties." *Id.* A person is not considered replaced when his duties are absorbed by another person "or when the work is redistributed among other existing employees already performing related work." *Id.* In a reduction in force case, the plaintiff does not make out a prima facie case absent additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons. *Asmo v. Keane, Inc.*, 471 F.3d 588, 592-93 (6 th Cir. 2006). The evidence must be sufficiently probative to allow a factfinder to believe that the employer intentionally discriminated against the plaintiff because of age. *Gragg v. Somerset Tech. Coll.*, 373 F.3d 763, 767-68 (6th Cir. 2004).

As previously noted, Greg Ordus contends that the decision to eliminate Plaintiff's service manager position resulted from the company's financial difficulties. Accordingly, it must be decided whether the law relating to a reduction in workforce applies. Plaintiff contends that his termination was not a result of workforce reduction because he was replaced by Stabonovich, who is substantially younger. Plaintiff also asserts that Defendant's advertising for an auto technician, a

position with duties unrelated to Plaintiff's positions, after Plaintiff's termination further demonstrates that he was replaced. However, Stabonovich was selected to perform part of Plaintiff's former duties in addition to his existing duties. The remainder of Plaintiff's duties regarding warranty claims were then assigned to another employee, Golder, who also remained responsible for his former duties. The individual who was later hired as a part-time auto technician did not assume any duties that formerly belonged to Plaintiff. (Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. 4.) As a result, Plaintiff has not demonstrated that he was replaced by Stabonovich, Golder, or the part-time auto technician, and the facts substantiate Defendant's assertion that Plaintiff was terminated as part of a reduction in force. *Barnes*, 896 F.2d at 1465 (stating that a person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties); *see also Wilson v. State of Ohio, Dep't of Job & Family Servs.*, 178 F. App'x 457, 456 (6th Cir. 2006) (finding that combining two positions into one "clearly does not meet the definition of replacement"). Because it is resolved that this is a reduction in force case, Plaintiff must present evidence that is sufficiently probative to allow a factfinder to believe that Defendant intentionally discriminated against him because of age. *Gragg*, 373 F.3d at 767-68.

**B**

Plaintiff meets the first three elements of the *McDonnell Douglas* test: he was fifty-nine years old at the time of his termination; he suffered an adverse employment action by being terminated; and Defendant has not contested the assertion that he was otherwise qualified for the position because he had been employed in that position for the majority of his nearly thirty-three years with the company and received significant training as well as awards during his tenure. (Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. 3.) Defendant, however, asserts that Plaintiff cannot meet the

modified fourth requirement of the prima facie case because his employment was terminated based on an employment performance comparison with Stebonavich. If a plaintiff "was not doing what his employer wanted him to do, he was not doing his job . . . . [this] does not raise a material issue of fact on the question of the quality of his work merely by challenging the judgment of his supervisors.' " *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1160 (6th Cir. 1990) (quoting *Kephart v. Inst. of Gas Tech.*, 630 F.2d 1217, 1223 (7th Cir.1980)).

**1**

Plaintiff contends that there are two instances of direct evidence of discrimination based on his age. First, Defendant requested that Plaintiff purchase his own medical insurance in 2004 or 2005. (Def.'s Br. in Supp. of Mot. for Summ. J. Ex. B.) Plaintiff was told that the company's insuring expense through Blue Cross Blue Shield was increasing because the rates were based on the average age of the insured employees. (*Id.*) Defendant had set the dollar amount it would contribute towards all employee's insurance policies and the individual employees were responsible for paying the additional expense of their premium. (Pl.'s Resp. Br. to Def.'s Mot. for Summ. J. Ex. 5.) Plaintiff chose his own insurance carrier, but Defendant contributed the same dollar amount to Plaintiff's health insurance expense as all other employees. Plaintiff's expense for his medical insurance premium was, as a result, less than it would be for the company's plan with Blue Cross Blue Shield. (*Id.*) A similar request was also made of another employee that was of similar age at the same time. (Def.'s Br. in Supp. of Mot. for Summ. J. Ex. B.) Second, Plaintiff contends that sometime after he returned to work in 2008, Greg Ordus made a comment that Plaintiff was looking older since his heart attack. (Pl.'s Resp. Br. to Def.'s Mot. for Summ. J. Ex. 5.) Plaintiff also testified at his deposition that Defendant allowed him to work within the restrictions resulting from his heart

attack and there were no complaints about his restrictions. (Def.'s Br. in Supp. of Mot. for Summ. J. Ex. B.)

Plaintiff must demonstrate by a preponderance of the evidence that these instances were not vague, ambiguous, or isolated and that the instances were related to Plaintiff's subsequent discharge. *Cooley v. Carmike Cinemas, Inc.*, 25 F.3d 1325, 1331 (6th Cir. 1994). Plaintiff, however, has not alleged that either instance occurred in relation to the decision to terminate his employment and, as a result, this conduct cannot be considered direct evidence of age discrimination. *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 550 (6th Cir. 2004). Because the evidence provided was not related to the decision to terminate Plaintiff's employment, it cannot lead to the conclusion that the challenged employment action was motivated even in part by age discrimination. Instead, the evidence presented would require drawing inferences connecting the proffered conduct to a discriminatory motive in order to conclude that the challenged employment action was based on age discrimination. As a result, Plaintiff has not provided direct evidence to establish his claim of age discrimination.

**2**

Plaintiff may establish a prima facie case of discrimination through circumstantial evidence and he identifies three instances he believes demonstrate circumstantial evidence of age discrimination. First, he contents that Defendant's request that he purchase private health insurance instead of maintaining his insurance through the company's plan with Blue Cross Blue Shield was evidence of age discrimination. Second, he contends that Greg Ordus' comment that Plaintiff looked older since his heart attack is circumstantial evidence of age discrimination. Finally, Plaintiff contends that Defendant violated its employee handbook policy of considering an employee's

length of service during a reduction in force because an employee with less seniority was retained at the time Plaintiff's employment was terminated which is evidence of age discrimination.

Defendant's request that Plaintiff purchase private health insurance approximately two and a half years before his termination does not have an apparent discriminatory basis. It was also not proximate in time to Plaintiff's discharge. *Cooley v. Carmike Cinemas, Inc.*, 25 F.3d 1325, 1331 (6th Cir. 1994). Although the request was made because the average age of the company's Blue Cross plan participants had increased, Plaintiff has not presented sufficient evidence of a discriminatory animus especially considering that the change in insurance carriers resulted in Plaintiff's premium payment being lower and Defendant's contribution remaining the same. Based on the facts presented by the parties, a factfinder could not draw a reasonable inference that discrimination occurred based on this request or that it demonstrates that age was the "but for" cause of Defendant's adverse employment action.

Second, Greg Ordus' isolated and ambiguous remark that Plaintiff looked older since his heart attack is not sufficiently probative to allow a factfinder to believe that the employer intentionally discriminated against the plaintiff because of age. *Gragg*, 373 F.3d at 767-68. Indeed, Plaintiff does not explain how this statement demonstrates that he was singled out for discharge for impermissible reasons or that the statement reflects the Defendant's discriminatory intent in its terminating Plaintiff's employment. Indeed, Plaintiff admitted at his deposition that Defendant accommodated his need for medical leave after his heart attack and that he was not adversely treated because of his lifting restrictions upon returning to work. (Def.'s Br. in Supp. of Mot. for Summ. J. Ex. B.) Accordingly, this statement is not evidence that Plaintiff was terminated on account of his age.

Finally, Plaintiff asserts that Defendant breached its internal policies by failing to take Plaintiff's seniority into account in making the reduction in workforce decision because the employee handbook "<u>mandates</u> consideration of length of service of each employee." (Pl.'s Resp. to Def.'s Mot. for Summ. J. 7 (emphasis in original).) Plaintiff asserts that this breach of policy creates an inference that Defendant's reasons for his termination were mere pretext. *Skalka v. Fernald Environmental*, 178 F.3d 414, 422 (6th Cir. 1999). Greg Ordus' affidavit, which explains the reasons for Stabonovich retention and Plaintiff's termination, does not indicate consideration of Plaintiff's seniority. Instead, Greg Ordus considered: Stabonovich's work history with the company including fewer customer complaints, fewer complaints regarding his management style, and his ability to effectively perform Plaintiff's job responsibilities while Plaintiff had demonstrated an inability to perform Stabonovich's job responsibilities; Stabonovich's ability to get along well with other employees; Plaintiff's failing to follow-up with questions from the mechanics regarding vehicle repairs and failing to follow-up with safety inspection checks which required the mechanics to perform duties which were Plaintiff's responsibility; Plaintiff speaking poorly about Chrysler vehicles to customers and representatives; and customer complaints regarding Plaintiff's service and customer's requests to not interact with Plaintiff while having their vehicle serviced at Ordus Ford. (Def.'s Br. in Supp. of Mot. for Summ. J. Ex. A.)

The paragraph in the employee handbook outlining Defendant's policy on reduction of workforce, which is attached to Plaintiff's response brief as Exhibit 11, is indiscernible. However, the full text of the reduction of workforce policy was provided in Defendant's reply brief. The policy states:

> In determining those employees to be retained, consideration will be given to the quality of each employee's past performance, the need for the position held by the employee and, **with**

> **all other factors being equal**, the length of service of each employee. **This policy does not mandate that the company retain the employee with the higher seniority.**

(Def.'s Reply Br. in Supp. of Mot. for Summ. J. 1 (emphasis added).) It is apparent from Greg Ordus' affidavit that a number of factors related to ability and performance were considered in making the decision to terminate Plaintiff's employment. The comparison of Stabonovich's and Plaintiff's performance provides a comprehensive overview of Greg Ordus' decision-making process. Plaintiff has not presented evidence contradicting Defendant's reasons for his termination in order to necessitate consideration of his length of service. As a result, the "tie breaker" of seniority in deciding employee retention is not mandatory and the fact that Plaintiff's seniority was not considered in Defendant's termination decision does not provide evidence that he was terminated as a result of age discrimination.

Plaintiff has not provided evidence tending to indicate that Defendant singled him out for discharge for impermissible reasons and the evidence provided is not sufficiently probative to allow a factfinder to believe that Defendant intentionally discriminated against Plaintiff because of his age. *Asmo*, 471 F.3d at 592-93; *Gragg*, 373 F.3d at 767-68. As a result, Plaintiff has not satisfied the modified fourth requirement of a prima facie case of age discrimination. Even if Plaintiff could satisfy the requirements for a prima facie case of age discrimination, the record indicates that the more qualified employee was retained for the consolidated position and Plaintiff has not provided evidence that Defendant's legitimate, non-discriminatory reason for his termination were pretextual. *See Burzynski v. Cohen*, 264 F.3d 611, 622 (6th Cir. 2001). Accordingly, Defendant's motion for summary judgment on Plaintiff's age discrimination claim will be **GRANTED**.

## IV

Defendant's motion also challenges Plaintiff's wrongful termination based on age

discrimination and name misappropriation claims under Michigan law. However, because Defendants are entitled to summary judgment on Plaintiff's federal age discrimination claims, the Court will decline to exercise jurisdiction over Plaintiff's state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Washington v. Starke*, 855 F.2d 346, 351 (6th Cir. 1988) ("It is a clear rule of this circuit that if a plaintiff has not stated a federal claim, his pendant state law claims should be dismissed.").

**V**

Accordingly, it is **ORDERED** that Defendant's motion for summary judgment [Dkt. # 12] is **GRANTED**.

It is further **ORDERED** that Plaintiff's wrongful termination based on age discrimination claim is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that jurisdiction is **DECLINED** over Plaintiff's remaining state law claims.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 4, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 4, 2011.

s/Tracy A. Jacobs  
TRACY A. JACOBS